Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion with regard to the computation of retirement benefits under Act 793 of 1977, the non-contributory provision, when credited service in two retirement systems is involved.
Specifically, you describe a situation in which an employee of the Department of Human Services elects to leave membership in the Teacher Retirement System and become covered by the non-contributory provisions of APERS. You then note that this employee receives credit in APERS for service from and after January 1, 1978, and that his service prior to that date remains credited in the Teacher Retirement System. You have also indicated that this employee's retirement benefit is computed by using the following formula:
 A. Benefit for service before 1-1-78, using Act 793 benefit formula, non-contributory APERS.
 B. Benefit for service before 1-1-78, using benefit formula of previous retirement plan, contributory TRS.
 C. Benefit for service after 1-1-78, using Act 703 benefit formula, non-contributory APERS.
The member receives the greater of A or B plus C.
You note that this formula is the one prescribed in Opinion No. 77-218, issued by this office (a copy of which is enclosed). Your question arises because you now have an employee who claims that her Teacher Retirement System service should be computed under the Public Employees Retirement System contributory benefit formula for those years of service.
For the reasons that follow, it is my opinion that you are indeed computing the member's benefits correctly, according to relevant statutes, but not necessarily by any formula contained in Opinion NO. 77-218. That opinion concludes merely that based upon the original Act 793 of 1977, an employee in the situation you describe would have his or her retirement benefits computed pursuant to the formula set forth in Act 793 of 1977 for service rendered both before and after January 1, 1978. The opinion also addresses other issues, such as the respective responsibility for payment of benefits by the two systems involved.
Since 1977, Act 793 has been amended many times. This fact renders Opinion No. 77-218 less apposite. The relevant statutory provision is now found at A.C.A. 24-3-214, and provides in pertinent part:
 (c)(1) The benefit provisions of this chapter, including death and disability benefits, shall apply to all credited service rendered before or after the date of election of employees of the Department of Human Services in either the Teacher Retirement System or the Arkansas Public Employees' retirement System.
 (2) Employees of the Department of Human Services, including Rehabilitation Services employees, shall be entitled to the benefit amount computed by applying the benefit amount computed by applying the benefit provisions prescribed by this chapter for all credited service rendered before and after January 1, 1978, except that benefit amounts based upon employment before January 1, 1978, shall not be less than benefit amounts computed in accordance with benefit provisions in Effect December 31, 1977.
According to the statute above, all credited service, whether rendered before or after January 1, 1978, is to be computed by the provisions of Act 793, except that pre-1978 service benefits shall not be less than amounts computed in accordance with benefit provisions in effect December 31, 1977. It is the last emphasized phrase that gives rise to the question: To what benefit provisions does this phrase refer? Does this phrase refer to the benefit provisions of contributory APERS, or does it refer to the benefit provisions in effect and applicable to a particular member on December 31, 1977, i.e. the provisions of contributory TRS?
In my opinion, the latter conclusion represents the soundest legal conclusion. It appears to me that the intent of the provisions of 24-3-214 is to ensure that a member electing to participate in the non-contributory APERS system will not receive less than she would have received had she stayed in the system to which she belonged in 1977. If an individual never belonged to contributory APERS, it seems unreasonable to compute Teacher Retirement System service according to those provisions. It is therefore my opinion, with regard to the specific fact situation you describe, that 24-3-214 requires computation of both services benefits under the provisions of Act 793, unless computation of the pre-1978 service under the Teachers Retirement System yields a greater amount.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.